# Mack Hill *v.* The State.

## *Robbery.*

[Decided April 4, 1906, 40 So. Rep. 654.]

1. *Robbery; Indictment.*—An indictment alleging the taking of property from the "person or possession" of another is fatally defective, as being disjunctive.

2  *Same; Definition.*—While robbery is the taking of property "from the person of another," it is sufficient if the property be under the personal protection, without being on the person.

[Mack Hill v. The State.]

Appeal from Morgan Circuit Court.

Heard before Hon. D. W. Speake.

The defendant and another were indicted for robbery. The indictment was in the following language: The grand jury of said county charge, etc., that Mack Hill and Robert Watson feloniously took nine dollars in money, silver coin of the United States of America, the exact denomination of which is unknown to the grand jury, of the value of nine dollars, the property of Alexander Mots, from the person or possession of Lula Mots against her will, by violence to her person or by putting her in such fear as unwillingly to part with the same. The defendant interposed the following demurrers. 1st. Because said indictment seeks to charge the defendant with robbery committed by taking the property of Alexander Mots from the person or possession of Lula Mots by violence to her person or by putting her in such fear as to unwillingly part from such property. 2nd. Because said indictment seeks to charge the defendant with robbery by taking the property of Alexander Mots from his agent by putting said agent in fear or by violence to the person of such agent. 3rd. Because said indictment charges robbery by the taking of the property of one from the person or possession of another. The court overruled the demurrers. The defendant was convicted of robbery and appealed.

P. M. Brindley and J. B. Brown for appellant. (No brief came into the hands of the reporter.)

Massey Wilson, Attorney-General for the State. The crime of robbery is one against possession not the ownership of property and it was immaterial that the money was the property of Alexander Mots. An indictment similar to the one under consideration was held good in the case of *Dancey v. State,* 126 Ala. 15. See also *James v. State,* 53 Ala. 480; 24 Am. & Eng. Ency. of Law (2nd Ed.) 1003. (The Attorney General discusses other matters of record, but as they are not noticed in the opinion, they are not briefed here.)

ANDERSON, J.—The defendant was indicted for robbery, and the indictment avers the taking of property of Alexander Mots from the "person or possession of Lula Mots," and was subject to the demurrer interposed. The statute in this State fixes the punishment of robbery only, and we are remitted to the common law for a definition of the offense. Pretermitting the grounds of demurrer as to the averment of the ownership in one and the taking from another, the indictment was defective by reason of the alternative averment of the taking from the "person or possession" of Lula Mots. Blackstone defines robbery to be "the felonious and forcible taking from the person of another goods or money to any value by violence or putting him in fear." And all of the authors, while departing in some respects from the language used by Mr. Blackstone, contain in their definition the same ingredients, and none of which contemplates a taking from a bare possession, but provide that the taking should be from the person.

A man might have the possession of a thing, yet it might not be upon his person, or under his direct personal control. Mr. Bishop, in his work on Criminal Law (volume 2, §§ 1177, 1178), in discussing what may be deemed the "person," says: "Since robbery is an offense as well against the person as the property, the taking must be, in the language of the law, from the person. The meaning of this legal phrase is, not that the taking must necessarily be from the actual contact of the body, but if it is from under the personal protection that will suffice. Within this doctrine, the person may be deemed to protect all things belonging to the individual, within a distance not easily defined over which the influence of the personal presence extends. 'If a thief, says Lord Hale, come into the presence of A.; and, with violence and putting A. in fear, drives away his horse, cattle, or sheep, he commits robbery.' The better expression is, that a taking in the presence of an individual (of course, their being put in fear) is to be deemed a taking from his person." Our own court, in the case of *Thomas v. State*, 91 Ala. 34, 9 South. 81 speaking through Mc-Clellan, C. J., *receded* from the opinion in the case of

[Tom Simmons v. The State.]

*James v. State*, 53 Ala. 380, saying: "The offense is against the actual possession, in the very nature of things. The person offended against must have either the manucaption of the property, or it must at least be in his presence, and under his direct physical, personal control."

Since the indictment in this case is defective, and the case must be reversed, we will not attempt to discuss the other questions involved, as it is very questionable if the State, conceding its evidence to be true, has proved any graver offense than grand larceny.

The judgment of the circuit court is reversed, and the cause remanded. The prisoner will remain in custody until discharged by due process of law.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.