# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1909-1910

## West *v.* The State.

*Larceny.*

(Decided July 6, 1910. 53 So. 277.)

1. *Constitutional Law; Statutes; Corporate Existence.*—Section 6876, 1907, requiring defendant to put in issue corporate existence by sworn plea where property is alleged to be stolen from a corporation, is constitutional.

2. *Larceny; Corporate Existence; Prima Facie Case.*—Where the ownership of stolen property is alleged to be in a railroad corporation and the defendant interposed a sworn plea denying corporate existence, the Acts of 1890-91, p. 154, recognizing the corporate existence of such railroad company was admissible in evidence and sufficient prima facie to establish the corporate entity and to discharge the burden of proof cast on the state by the sworn plea.

3. *Same: Character of Goods; Proof.*—Where the indictment charged the theft of eleven cow-hides of a stated value, a conviction could not be sustained in the absence of proof that the hides were cow-hides.

4. *Conspiracy; Evidence; Declarations of Conspirators.*—Where a conspiracy is established any act or declaration of a conspirator made or done in furtherance of a common design is admissible against a co-conspirator though not made or done in his presence.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Will West was charged and convicted of grand larceny in that he stole eleven cow-hides of a stated value, the property of the N. C. & St. L. Railway, and he appeals. Reversed and remanded.

JOHN A. LUSK, for appellant. Section 6876, Code 1907, is violative of section 6 of the Constitution 1901.

The court should have granted a change of venue.—
*Scams' Case,* 84 Ala. 410. The acts of Paul West were
not admissible.—*McAnally's Case,* 74 Ala. 9. His ad-
missions would not be admissible against him.—*State v.
Sims,* 31 So. 71. They were made or done after the com-
mission of the crime and not in the presence of the de-
fendant.—*Gorce v. The State,* 58 Ala. 391; 45 Cal. 19;
71 Cal. 569. See also, 42 Ind. 346; 36 Pac. 815; *James
v. The State,* 115 Ala. 83. Defendant was entitled to
the affirmative charge as there was no proof that the
hides stolen were cow-hides.—*McGhee v. The State,* 52
Ala. 224; *Morris v. The State,* 97 Ala. 83; 25 Cyc. 201;
22 Cyc. 461.

ALEXANDER M. GARBER, Attorney General, for the
State. Section 6876 of the Code of 1907 is constitution-
al.—*Daily v. The State,* 48 So. 498. The evidence did
not establish a right to change of venue.—*Hussey v.
The State,* 87 Ala. 121. The act of the legislature rec-
ognizing the N. C. & St. L. Ry., was admissible.—*Cor-
bett v. The State,* 3 Enc. of Evi. 94. Declaration of a
conspirator in furtherance of a common design are ad-
missible against the co-conspirator, even if made in his
absence when the conspiracy has been established.—
*Gibson v. The State,* 89 Ala. 121; *Evans v. The State,*
109 Ala. 11; *Hunter v. The State,* 112 Ala. 77. The al-
legation that the hides were cow-hides was a mere sur-
plusage, and did not have to be proven.—25 Cyc. 101;
13 Enc. of Evi. 711.

DOWDELL, C. J.—The appeal in this case is pros-
ecuted from a judgment of conviction for grand larceny.

A demurrer was interposed to the indictment, which
the court properly overruled. Indeed, counsel for ap-
pellant concedes in brief that there is no merit in the

demurrer. The defendant applied for a change of venue upon the alleged ground that he could not obtain a fair and impartial jury in the county of Marshall for his trial. On this application evidence was offered both by the defendant and the state on affidavits and testimony of witnesses examined ore tenus. The case calls for no discussion of the law or citation of authorities on the question as presented, since the evidence falls far short of showing that the defendant could not obtain an impartial jury and a fair trial in the county of Marshall.

The contention that the statute (section 6876 of the Code of 1907), which requires a sworn plea by the defendant to put in issue corporate existence when corporate ownership of property stolen is alleged, is unconstitutional, is without merit. That such legislation is within legislative compentency and not offensive to the Constitution is settled in principle in the case of *Alonzo Bailey v. State,* 161 Ala. 75, 49 South. 886. See, also, *Fong Yue Ting's Case,* 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905. The special act of December 10, 1890 (Acts 1890-91, p. 154), offered in evidence, was a legislative recognition of the corporate existence of the Nashville, Chattanooga & St. Louis Railway and in a criminal prosecution where the ownership of the property stolen is alleged to be in said corporation is admissible in evidence under the sworn plea of the defendant denying corporate existence, and sufficient to make a prima facie case of the alleged corporate entity, and to discharge the burden of proof cast by the sworn plea.—*Boykin v. State,* 96 Ala. 16, 11 South. 66; 10 Cyc. pp. 241-2.

There were a number of objections taken to the introduction of evidence, and exceptions reserved but it is unnecessary to treat them in detail, since a general

[Bailey, et al. v. The State.]

statment of the law relative to the questions raised will prove a sufficient guide upon another trial, as the case must be reversed for an error that will be pointed out later. The principle of law to be stated is that, where a conspiracy is established, any act or declaration of a conspirator made or done in furtherance of the common design is admissible in evidence against a co-conspirator, although not made or done in the presence of such co-conspirator. The indictment alleged the theft of eleven cow hides, of a stated value. There was a total absence of evidence that the hides stolen were cow hides. Non constat, they were horse hides, or hides of some other animal than that of the cow kind. A defendant could not be convicted under a charge of larceny of cow hides by proving that he stole horse hides. The description of the hides in the indictment was material, and proof was necessary to a conviction. This failure of the evidence entitled the defendant to the general charge as requested, and its refusal was error for which the judgment must be reversed.

Reversed and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur.