# Bouyer *v*. City of Enterprise.

## *Violating Municipal Ordinance.*

(Decided April 16, 1912.  58 South. 775.)

*Intoxicating Liquors; Wrongful Sale; Ordinance; Variance.*— An ordinance prohibiting the carrying on of the business of a retail liquor dealer or the selling by retail any liquors or other intoxicating drink did not prohibit a disposition of liquors otherwise than by a sale, or the engaging in or carrying on the business of a retail dealer without license, and hence, did not sustain a complaint charging that the defendant did sell, exchange or otherwise dispose of spirituous, vinous or malt liquors, contrary to law, and the ordinances of the city.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

G. W. Bouyer was convicted of violating a municipal ordinance, and he appeals. Reversed and remanded.

The affidavit was as follows: Affiant says that he has probable cause for believing and does believe that within the city limits, or within the police jurisdiction of the city of Enterprise, G. W. Bouyer did sell, exchange, or otherwise dispose of spirituous, vinous, or malt liquors contrary to the law and ordinances of the city of Enterprise, and contrary to section—" of the City Code of Enterprise." The demurrer raises the point that the affidavit charges no offense.

O. C. DOSTER, and H. L. MARTIN, for appellant. The affidavit was fatally defective, and did not charge an offense denounced by any of the ordinances of the city.—168 Ala. 195; 140 Ala. 136; 165 Ala. 128; 55 Ala. 64; 53 Ala. 493; 21 Ala. 577; 89 Ala. 114.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The complaint in this case suffici-
ently averred the existence of a municipal ordinance un-
der which either of the acts with which the defendant
was plainly charged in the alternative constituted an
offense against the municipality; and it was not subject
to the demurrer interposed to it.—*Bell v. Jonesboro,* 3
Ala. App. 652, 57 South. 139; *Turner v. Town of Line-
ville,* 2 Ala. App. 454, 56 South. 602; *Rosenberg v. City
of Selma,* 168 Ala. 195, 52 South. 742.

But the ordinance offered in evidence did not corres-
pond with the averments of the affidavit or complaint
as to its nature or import. The charge as made import-
ed the existence of a law or ordinance of the city of En-
terprise under which either a sale, an exchange, or other
disposition of spirituous, vinous, or malt liquors were
prohibited. The only ordinance offered in evidence was
one enacted in the year 1903, which was in the following
words: "Any person who shall engage in or carry on the
business of a retail liquor dealer or who shall sell by re-
tail any spirituous, vinous or malt liquors, or other in-
toxicating drinks, without first having taken out a li-
cense. must, on conviction, be fined not less than ten
or more than one hundred dollars." This ordinance did
not prohibit a disposition of such liquors otherwise than
by a sale, or in the way of engaging in or carrying on the
business of a retail dealer in them, without a license.
It did not prohibit the giving away of such liquors, for
instance.—*Williams v. State,* 91 Ala. 14, 8 South. 668;
23 Cyc. 181. It did not evidence the existence of such a
municipal law as was charged by the complaint or af-
fidavit to have been violated by the defendant by his
either selling, exchanging, or otherwise disposing of spir-
ituous, vinous, or malt liquors. The defendant's objec-
tion to its introduction in evidence, on the ground,
among others, that the affidavit did not charge the de-

fendant with violating such an ordinance, was well taken and should have been sustained. Each of the acts with which the defendant was charged in the alternative did not constitute an offense under that ordinance. The evidence was materially variant from the allegation, and should not have been admitted over objections duly interposed. An averment to the effect that either of the acts charged against the defendant in the alternative constitutes an offense against the law of a municipality is not supported by evidence of the enactment by such municipality of an ordinance under which an act covered by the charge is not an offense.—*Allred v. State,* 89 Ala. 112, 8 South. 56; *Hill v. State,* 145 Ala. 58, 40 South. 654.

Reversed and remanded.