188 So. 268

## McWHORTER v. STATE.

### 8 Div. 726.

Court of Appeals of Alabama.

Feb. 21, 1939.

Rehearing Denied April 4, 1939.

Appeal from Circuit Court, Marshall County; A. E. Hawkins, Judge.

Early McWhorter was convicted of petit larceny, and he appeals.

Claud D. Scruggs, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was charged by affidavit with having feloniously taken and carried away two hens, of the value of one dollar; the personal property of Loyd Miller. The defendant was convicted in the County Court, from which judgment he appealed to the Circuit Court, where he was again convicted.

The appellant insists that there was a variance between the allegations and the proof, in that the defendant was charged with feloniously taking *two hens;* whereas, the evidence shows that he took *two chickens.*

Our attention is directed to the case of West v. State, 168 Ala. 1, 53 So. 277, wherein our Supreme Court held that a conviction could not be had on proof that the defendant had stolen *eleven hides,* when the indictment charged the felonious taking of *eleven cow hides.* The West case, supra, presents a very different question. In that case, as is pointed out, the hides may have been from other animals other than cows. If the hides had been calf hides or steer hides, the conclusion of the Supreme

Court, doubtless, would have been different.

 In the instant case the defendant is charged with feloniously taking *two hens.* The proof, on the part of the State, tends to prove that he feloniously took and carried away two *chickens.* This is no variance; a chicken is a hen, and a hen is a chicken.

The affirmative charge, therefore, was properly refused.

We note the excessive Cost Bill referred to in appellant's brief. However, this court is powerless to reduce the amount. The Cost Bill is made up of items fixed by the Legislature, and if relief in the future is to be had, it must come from the legislative body.

We find no error in the record, and the judgment is affirmed.

Affirmed.