121 So.2d 104

Clyde HELMS

v.

STATE.

8 Div. 669.

Court of Appeals of Alabama.

March 2, 1960.

Rehearing Denied April 5, 1960.

Smith & Moore, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for State.

PRICE, Judge.

The appellant was indicted for and convicted of the offense of robbery. His punishment was fixed at ten years imprisonment in the penitentiary. He appeals from the judgment of conviction.

The tendencies of the state's evidence are that James Franklin Teal was employed as a service station attendant by R. E. Holman. On the night of October 2, 1957, while Mr. Teal was alone at the station, the defendant and one Sanders forced him, at gun point, to give them the money from the cash register, which amounted to $148.-25.

We have carefully considered the evidence and it is our conclusion the court properly overruled the defendant's motion to exclude the state's evidence, on the ground the state had failed to establish a prima facie case, made after the state had rested its case.

A further ground of motion to exclude the state's evidence was that there was a variance between the pleading and proof, in that the indictment charged defendant with the offense of taking money belonging to "R. E. Holman from the possession and custody of Frank Teal," while the evidence was that the money was taken from "James Franklin Teal." The motion was denied by the court.

To be material, a variance as to the name alleged in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to accused in making his defense, or to expose him to the danger of a second trial on the same charge. Johnson v. State, 34 Ala.App. 623, 43 So.2d 424. See also 42 C.J.S. Indictments and Informations § 265, p. 1287. There was no material variance between the allegation and the proof, and the motion was properly denied.

It is stated in brief that the record fails to show that a copy of the indictment and of the special venire was served on defendant as required by Title 30, Sec. 63, Code 1940.

The record shows that the court ordered "that a list of all jurors constituting the venire in this case including those this day drawn as provided by law together with a copy of the indictment in this case be forthwith served on the defendant." The record does not show the Sheriff's execution of such order. "However, it is not necessary that the order or the fact of its execution appear in the transcript unless some question thereon was raised before the trial court and there decided." Arrington v. State, 253 Ala. 178, 43 So.2d 644, 647.

The evidence as to the joint participation of Helms and Sanders in the robbery rendered admissible against defendant Mr. Teal's testimony that after he gave them the money Sanders took him into the hallway leading to the office and, "told me to lay down on the floor on my stomach. He asked if I wanted him to shoot me," though the statement was not shown to have been made in defendant's presence. West v. State, 168 Ala. 1, 53 So. 277; Lockett v. State, 218 Ala. 40, 117 So. 457; Cline v. State, 25 Ala.App. 433, 148 So. 172.

There was no request for the general affirmative charge nor motion for a new trial.

The judgment of conviction is affirmed.

Affirmed.