224 So.2d 921

Earlie T. RUPERT, Lonnie B. Rupert, John Benjamin Wilson

v.

STATE.

6 Div. 449.

Court of Appeals of Alabama.

June 30, 1969.

David M. Enslen, Louis P. Moore, Charles W. Nolen, Fayette, for appellants.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

These appellants were charged by indictment with the crime of larceny, specifically, with the theft of a "Shaw-Walker Safe of the value of two hundred forty-two and no/100 dollars, the personal property of The Housing Authority of the City of Fayette, Alabama, a Corporation."

■ We are of opinion the State's evidence conclusively established the guilt of the defendants. The defendants presented no testimony.

Counsel argues in brief that the State failed to establish the ownership of the property alleged to have been stolen and to prove its value.

On the question of ownership and value, the State called Mr. Howard Stanley, who testified he was the Executive Director of the "Fayette Housing Authority, located on Spring Street in Fayette; that in his capacity as such Executive Director he bought all the equipment used in the "Housing Authority," subject to the approval of the board; that he saw the invoices on every item purchased, and based on such invoice for the safe he would say its value was $242.00; that the safe was used in the office of the Fayette Housing Authority and had a tag on it showing it was the property of the "Housing Authority of the City of Fayette" and that when he saw it at the City Hall after the theft the tag was still on it.

The argument in brief is that it would appear from the evidence that the safe was purchased by Mr. Stanley and was his own personal property. A further argument is that the evidence failed to show that the Housing Authority was a corporation, as shown in the indictment, "or that the Housing Authority or Fayette Housing Authority as mentioned in the testimony is the same as the Housing Authority of the City of Fayette, Alabama, a Corporation, as alleged in the indictment, hence, it is the appellant's contention that there is a fatal variance between the allegations in the indictment and the proof offered in support thereof."

■ We disagree. The testimony of Mr. Stanley was sufficient to prove the value of the safe. The import of his testimony was that he purchased the safe for the Housing Authority.

■ It is unnecessary for the State to prove corporate existence unless the defendant files the sworn plea required by Title 15, Section 315, Code of Alabama 1940. West v. State, 168 Ala. 1, 53 So. 277;

Johnson v. State, 42 Ala.App. 611, 173 So.2d 817. No such plea was filed here.

To be material, a variance as to the name alleged in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to accused in making his defense, or to expose him to the danger of a second trial on the same charge. Johnson v. State, 34 Ala.App. 623, 43 So.2d 424; Helms v. State, 40 Ala. App. 622, 121 So.2d 104.

The defendants could not have been misled by the use of the terms Housing Authority and Fayette Housing Authority. It is clear from a reading of the statute creating municipal housing authorities that there shall be only one such authority for each municipality. Title 25, Section 7, Code of Alabama 1940.

The judgment is affirmed.

Affirmed.