TAYLOR, Judge.
The appellant, Joseph Edward Adler, was originally charged with rape in the first degree but was ultimately convicted of the lesser included offense of sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. He was sentenced to a term of six years in the penitentiary. The evidence tended to show that the appellant engaged in various sexual acts with his stepdaughter, A.W., for a period of at least three years. This abuse began in approximately 1984 when A.W. was four years old and continued until 1987. The appellant raises two issues on appeal.
I
The appellant first argues that the state withheld exculpatory evidence from him in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, the appellant claims that the state failed to provide him with the investigative report of the Department of Human Resources (D.H.R.).
The report allegedly contained the victim’s initial denial of sexual contact with the appellant as well as a statement from the victim’s mother which suggested that someone other than the appellant might have abused the victim. In his brief, the appellant maintains that had this information been disclosed to him, an effective defense to the charges could have been formulated and that, without such disclosure, his due process rights were violated.
This court has previously determined that “[e]ven where there is total nondisclosure of information the test is whether the use of the information at trial would have changed the result by creating a reasonable doubt where one did not otherwise exist.” Raines v. State, 429 So.2d 1104, 1108 (Ala.Cr.App.), aff’d, 429 So.2d 1111 (Ala.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1804, 76 L.Ed.2d 368 (1983). We note that in response to the trial court’s discovery order, the state informed the appellant that the victim had “initially denied contact other than defendant asking her to touch his private area.” The trial court also conducted an in-camera review of the D.H.R. report and thereafter provided the appellant with information confirming the victim’s initial denial and provided him with the statements made by the victim’s mother. Furthermore, the appellant was allowed to cross-examine the victim in detail about her earlier denial and whether anyone other than the appellant abused her sexually.
The record clearly indicates that the appellant was informed of all possible exculpatory information contained in the D.H.R. report prior to the presentation of his case. Therefore, we find no injury to the appellant that would warrant reversal.
II
The appellant finally argues that it was error for the trial court to instruct the jury on the lesser included offense of sexual abuse when the indictment charged him with rape in the first degree. We disagree.
“When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ‘lesser included offense.’” Black’s Law Dictionary 812 (rev. 5th ed. 1979). According to § 13A-6-61(a)(3), Code of Alabama 1975, a male, 16 years of age or older, commits rape in the first degree if he engages in sexual intercourse with a female who is less than 12 years old. Likewise, according to § 13A-6-66(a)(3), Code of Alabama 1975, a male, 16 years old or older, commits sexual abuse in the first degree if he subjects another person to sexual contact who is less than 12 years old. The elements for the offenses of rape in the first degree and sexual abuse in the first degree are virtually identical with the exception that rape requires that there must have been sexual intercourse, while sexual abuse requires only sexual contact. Under Alabama law, sexual intercourse is defined as “any penetration, however slight; emission is not *135 required,” while sexual contact is defined as “[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.” See, §§ 13A-6-60(l) and 13A-6-60(3), Code of Alabama 1975, respectively. Therefore, it would be impossible for an actor to effectuate rape in the first degree without “touching the sexual or intimate parts” of his victim. Whether this touching is for the purpose of sexual gratification is a question for the jury and may be inferred from the act itself. Phillips v. State, 505 So.2d 1075 (Ala.Cr.App.1986).
Instructions on lesser included offenses must be given to the jury when there is “any reasonable theory from the evidence which would support the position.” Kennedy v. State, 472 So.2d 1092, 1102 (Ala.Cr.App.1984), aff’d, 472 So.2d 1106 (Ala.1985), cert. denied, 474 U.S. 975, 106 S.Ct. 340, 88 L.Ed.2d 325 (1985). In the present case, there was sufficient evidence to support a charge of sexual abuse in the first degree. Therefore, according to Alabama law, it was the legal duty of the trial court to instruct the jury accordingly. The appellant can show no injury from this instruction; in fact, it only served to aid his cause.
For the foregoing reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.