TAYLOR, Judge.
The appellant, Henry Irby, was convicted of theft of property in the second degree, in violation of § 13A-8-4, Code of Alabama 1975. He was sentenced to 10 years in prison.
The state’s evidence tended to show that, on September 26, 1991, the appellant and three other men were loitering in a convenience store. The cashier, Priscilla Rogers, told the men that if they were not going to buy anything that they would have to leave. They then left the store, but they returned later. During their second visit, one of the men approached the counter where Rogers was standing and began talking with her, while the appellant and the other two men went to a cooler in the rear of the store. The appellant and the other two men then grabbed three cases of beer, and all four men ran out of the store. Rogers called the police, who were dispatched to a housing project to which the men had run. A short time later the police arrested the appellant and returned with him to the store. Rogers identified the appellant as one of the men who had stolen the beer.
I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal. He specifically argues that because he left the store carrying only one case of beer, the state never proved that the value of the beer he took exceeded $25.00, as is required by the statute. Section 13A-8-4, Code of Alabama 1975, states, in pertinent part:
“(e) The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored, constitutes theft of property in the second degree.”
Rogers testified that she saw the appellant and three other men run from the store with three cases of beer that they had not paid for. She further stated that the appellant was carrying one of the cases. The value of the three cases of beer was. $64.44. Although the appellant was seen carrying only one case of beer, he still may nonetheless be liable as an accomplice for the total amount of the beer stolen. Section 13A-2-23, Code of Alabama 1975, states, in pertinent part:
“A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
“(1) He procures, induces or causes such other person to commit the offense; or
“(2) He aids or abets such other person in committing the offense....”
Where more than one person participates in the theft, it is immaterial which person actually carries the property away. The jury was correctly charged on elements of complicity and found the appellant guilty of theft in the second degree. The trial court did not err in denying the appellant’s motion for judgment of acquittal.
II
The appellant next contends that there was a fatal variance between the indictment and the evidence produced at trial with respect to (1) the ownership of the property and (2) the actual value of the property taken by the appellant. The indictment against the appellant states:
“The GRAND JURY of said County charge, that, before the finding of this indictment HENRY IRBY, whose name is to the Grand Jury otherwise unknown than as stated, did knowingly obtain or exert unauthorized control over three (3) case[s] of beer, the property of Complete Package Food Stores, Inc., a corporation doing business as McGuire Food Mart Inc., of the approximate aggregate value of Sixty-Four Dollars ($64.00), and said property having been taken from or in a building where it was stored or offered for sale, with the intent to deprive the owner of said property, in viola *1264 tion of § 13A-8-4 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(Emphasis added.)
Rogers testified that on the date of the theft she was employed at the “Compac Store,” and that the corporate name of that business was “McGuire’s.” The indictment charges that the property in question belonged to “Complete Package Food Stores, Inc., a corporation doing business as McGuire Food Mart, Inc.” “Compae,” used in the name of the convenience store, is apparently an acronym for “Com píete Pac kage.” While Rogers may not have understood the corporate structure of the organization for which she worked, there was not a fatal variance between the indictment and the testimony at trial.
“An indictment must apprise the accused with a reasonable certainty of the nature of the accusation against him so that he may prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense.” Copeland v. State, 455 So.2d 951, 956 (Ala.Cr.App.), cert. denied, 455 So.2d 956 (Ala.1984). See also Griffin v. State, 500 So.2d 83, 85 (Ala.Cr.App.1986). For a conviction to be overturned on the grounds of variance between the indictment and the evidence presented at trial, there must be a material variance. Brown v. State, 588 So.2d 551 (Ala.Cr.App.1991). “To be material, a variance as to the name alleged in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to the accused in making his defense, or to expose him to the danger of a second trial on the same charge.” Jackson v. State, 412 So.2d 302, 304 (Ala.Cr.App.1982), citing Rupert v. State, 45 Ala.App. 84, 224 So.2d 921 (1969). This court has held that there was no fatal variance where the indictment alleged that the property was stolen from a corporation, when the evidence at trial showed that the property was actually owned by the corporation’s subsidiary. Cogburn v. State, 473 So.2d 625 (Ala.Cr.App.1985).
Here, the indictment showed the correct corporate names of the entity from which the merchandise was stolen, while the evidence produced at trial presented the acronym, or trade name, of the corporate entity. The variance was not so “misleading or substantially injurious to the accused” so as to necessitate a reversal of the appellant’s conviction. Jackson, supra, 412 So.2d at 304.
There also is no material variance between the indictment and the evidence adduced at trial with respect to the actual value of the goods stolen from the store. The indictment stated that the beer in question had an “approximate aggregate value of Sixty-Four Dollars ($64.00).” The evidence at trial showed that the beer had an aggregate value of $64.44. The appellant argues that since he was seen carrying only one case of beer, valued at less than $25.00, there was a material variance between that amount and the amount stated in the indictment. However, as discussed above, the appellant may be held liable, under the complicity statute, for the entire amount of goods stolen. § 13A-2-23, Code of Alabama 1975. Therefore, the appellant is responsible for stealing $64.44 worth of beer. The indictment indicated only the approximate value of the beer stolen, $64.00. There is no material variance between the two amounts. “A variance between the indictment and the proof is immaterial when the alleged variance may be treated as surplusage.” Dailey v. State, 374 So.2d 414, 417 (Ala.Cr.App.1979).
For the reasons stated above, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.