The appellant, William Morris Roughton, was convicted of sexual abuse in the second degree, a violation of §13A-6-67, Code of Alabama 1975. He was sentenced to 12 months in jail. His sentence was suspended and he was placed on probation for one year.
 I
The appellant initially contends that the trial court erred in refusing to compel the state to elect the instance of sexual abuse for which the appellant was being prosecuted.
The record reflects that the appellant was indicted for "subjecting D.L.A." to sexual contact in violation of §13A-6-67. The appellant moved for a more definite statement. The state responded with the following:
 "The State expects the evidence to show that the Defendant on more than one occasion placed his hands on the complainant in an inappropriate manner. The evidence will show that the defendant touched the complainant on her buttocks and thighs in the summer 1991 and 1992. The State also expects the evidence to show that the Defendant on many occasions would enter the complainant's room while she was undressed or would enter the bathroom while the complainant was undressed."
After the state responded, the appellant filed a motion entitled a "Motion for a More Definite Statement or Alternatively, Motion to Compel State to Elect Between Offenses." A hearing was held on this motion, at which the prosecutor stated: "Judge, we simply are prepared to ask this jury to convict the defendant on the offense of sexual contact with this young woman in the summer of 1991, in Russell County, Alabama."
It appears from the record that the state did elect which instance of sexual abuse they were prosecuting the appellant for. *Page 1340 
The appellant argues that even if the state had made an election, the court erred in allowing instances of sexual abuse other than those charged to be received into evidence at trial. The record shows that defense counsel filed a motion in limine regarding these other instances. At the time that the motion in limine was denied, defense counsel noted its objection but did not obtain permission from the court that any subsequent objections to this testimony were unnecessary. Further, no objections were made when evidence of these other instances of abuse was offered at trial.
 " 'A party who suffers an adverse ruling on a motion in limine can preserve the ruling for post-judgment and appellate review only
by objecting to the introduction of the proffered evidence and assigning specific grounds at the time of trial, unless he or she obtains the express acquiescence of the trial judge that a subsequent objection and assignment of grounds are not necessary.' "
Lane v. State, 625 So.2d 1178, 1180 (Ala.Cr.App. 1993), quoting Parks v. State, 587 So.2d 1012, 1015
(Ala. 1991). (Emphasis supplied.) Thus, this issue was not preserved for this court's consideration.
 II
The appellant next contends that the state failed to present sufficient evidence to support his conviction for sexual abuse in the second degree.
A person is guilty of sexual abuse in the second degree if
 "[h]e, being 19 years old or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old."
§ 13A-6-67(a)(2), Code of Alabama 1975.
The appellant contends that the state failed to prove that "sexual contact" as defined in § 13A-6-60(3), Code of Alabama 1975, occurred. This Code section defines sexual contact as:
 "Any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."
Specifically, the appellant argues that there was no evidence that the act was done with "the purpose of gratifying the sexual desire of either party."
"Whether this touching is for the purpose of sexual gratification is a question for the jury and may be inferred from the act itself." Adler v. State, 591 So.2d 133,135 (Ala.Cr.App.), cert. denied, 591 So.2d 135 (Ala. 1991), citing Phillips v. State, 505 So.2d 1075
(Ala.Cr.App. 1986). See also Rothchild v. State,558 So.2d 981 (Ala.Cr.App. 1989).
The victim testified that in the summer of 1991 the appellant grabbed her buttock and massaged her "all the way down to my buttocks and inside of my thighs." She testified to the following:
 "[The appellant] would come down beside me, kneel down beside me and start rubbing me real hard and going up and down my back, going all the way down to my thighs and my back, and just breathing real hard, asking me if it felt good and just doing it real hard."
This testimony was sufficient for the jury to infer that the appellant committed the act with the "the purpose of gratifying [his] sexual desire. . . ."
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.