804 So.2d 171 (2000)
Ex parte A.T.M.
(Re A.T.M. v. State).
1980829
Supreme Court of Alabama.
June 30, 2000.
Dissenting Opinion on Overruling of Rehearing September 1, 2000.
*172 William E. Scully, Jr., Daphne, for petitioner.
Bill Pryor, atty. gen., and Thomas F. Parker IV, asst. atty. gen., for respondent.
JOHNSTONE, Justice.
A.T.M. was convicted of two counts of sexual abuse in the first degree for the sexual abuse of C.R. and M.R. in violation of § 13A-6-66(a)(3), Ala.Code 1975; one count of sexual abuse in the second degree for the sexual abuse of T.R. in violation of § 13A-6-67(a)(2); and one count of attempted sexual abuse in the second degree for the sexual abuse of L.R. in violation of §§ 13A-6-67(a)(2) and 13A-4-2(a). The trial court sentenced A.T.M. to 10 years' imprisonment for each of his convictions for sexual abuse in the first degree, to one year imprisonment for his conviction for sexual abuse in the second degree, and to six months' imprisonment for his conviction for attempted sexual abuse in the second degree. Upon A.T.M.'s appeal, the Court of Criminal Appeals, on December 18, 1998, affirmed his convictions and sentences without an opinion. After the Court of Criminal Appeals denied A.T.M.'s application for rehearing and his Rule 39(k), Ala. R.App. P., motion, A.T.M. petitioned this Court for a writ of certiorari, which we granted. We affirm the two convictions for first-degree sexual abuse but reverse the two convictions for second-degree sexual abuse and attempted second-degree sexual abuse respectively.
A.T.M. raises a number of issues in his petition for a writ of certiorari. The most meritorious issues are: 1) whether the State failed to prove the identity of the alleged victim Kamatra R. and 2) whether the State failed to introduce sufficient evidence to establish that he attempted to abuse L.R. sexually.
First, A.T.M. contends that the State failed to establish the identity of a witness named T.R. as "Kamatra R.," the victim named in the indictment charging A.T.M. with sexual abuse in the second degree. The prosecutor offered T.R. as the victim of sexual abuse in the second *173 degree allegedly committed by A.T.M. On direct examination, when the prosecutor asked T.R. whether she was known by another name, T.R. answered that she was also known as "Dot." The prosecutor then specifically asked T.R. whether she was known also as "Kamatra." T.R. responded that "Kamatra" was not her name and that no one called her by that name. (R. 106.) Shortly thereafter, defense counsel objected to any further testimony by T.R. on the ground that the her testimony was irrelevant to the charge of sexual abuse in the second degree because the indictment charged A.T.M. with abusing "Kamatra R," not "T.R." The prosecutor contended that she would later introduce evidence to show T.R.'s legal name as "Kamatra R." The trial court overruled defense counsel's objection and allowed T.R. to continue to testify. Later, through the testimony of the Department of Human Resources representative who interviewed the victims in this case, the prosecutor tried to establish that T.R.'s legal name is "Kamatra." However, defense counsel moved to strike the DHR representative's testimony in that regard on the ground that the testimony was hearsay. The trial court granted defense counsel's motion to strike and instructed the jury to disregard the DHR representative's testimony about "Kamatra." (R. 253.) The prosecutor did not offer any other evidence to show that T.R. and "Kamatra R." are the same person.
"The State has the burden of proving that the person named in the indictment as being the victim of the offense was, in fact, the victim." Sockwell v. State, 675 So.2d 4, 21 (Ala.Crim.App.1993). "To be material, a variance as to the name alleged in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to the accused in making his defense, or to expose him to the danger of a second trial on the same charge." Rupert v. State, 45 Ala.App. 84, 86, 224 So.2d 921, 922 (1969); Helms v. State, 40 Ala.App. 622, 624, 121 So.2d 104 (1960). "The purpose of the [fatal variance] rule is for identification and notice to defendant, and if those purposes are met no substantial injury to defendant results." Vaughn v. State, 236 Ala. 442, 183 So. 428, 430 (1938). In House v. State, 380 So.2d 940, 942-43 (Ala. 1979), this Court adopted the fatal variance rule as stated in 42 C.J.S. Indictments and Informations § 265 (1944):
"`Where it is necessary to state the name of a third person as a part of the description of the offense, the name must be correctly stated and a material variance is fatal.... The modern rule, however, is that it is a question of identity; and where the identity of the person named in the indictment with the one named in the evidence is established, or where the inaccuracy is not misleading or substantially injurious to accused, the variance is not fatal.'" (Citations to Alabama cases omitted.)
There is no material variance between the indictment and the proof at trial where a mere inaccuracy occurs in the name, as long as "the identity of the person named in the indictment with the one named in the evidence is established." McCoy v. State, 232 Ala. 104, 106, 166 So. 769, 770 (1936). See Turner v. State, 406 So.2d 1066, 1069 (Ala.Crim.App.1981).
In this case, the State did not produce any evidence to show that "Kamatra R.," the victim named in the indictment charging A.T.M. with sexual abuse in the second degree, was in fact T.R., who testified at trial that A.T.M. had sexually abused her. Indeed, the evidence affirmatively proved that T.R. was not the alleged victim Kamatra R.; and the record contains no evidence that A.T.M. sexually abused any Kamatra R. Because the State could seek to *174 indict A.T.M. for the sexual abuse of T.R. on the basis of T.R.'s testimony, allowing the State to produce the same evidence the testimony of T.R.to prove the charge of sexual abuse of "Kamatra R." by A.T.M. would be "substantially injurious" to A.T.M. Thus, the trial court erred in not granting A.T.M. a judgment of acquittal on the charge of sexual abuse in the second degree as charged in the indictment naming "Kamatra R." as the victim of sexual abuse.
Second, A.T.M. contends that the State failed to present sufficient evidence to support his conviction for attempted sexual abuse in the second degree of L.R. A person is guilty of sexual abuse in the second degree if "he, being 19 years old or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old." § 13A-6-67(a)(2). "Sexual contact" is defined as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." § 13A-6-60(3) (Emphasis added.) "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." § 13A-4-2 (Emphasis added.) An "overt act" is more than "mere intention" or "preparation" to commit a specific crime. Whiddon v. State, 53 Ala.App. 280, 283, 299 So.2d 326, 329-30 (1973). "The attempt is complete and punishable, when an act is done with intent to commit the crime, which is adapted to the perpetration of it, whether the purpose fails by reason of interruption, or for other extrinsic cause. The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of consummation." Id. (Emphasis added.) See also Ford v. State, 612 So.2d 1317 (Ala.Crim.App.1992).
Here, L.R. testified that, one night when she was asleep on the floor, she awoke to find A.T.M. "standing over [her] like he was fixing to dig in." When defense counsel asked L.R. whether A.T.M. had actually touched her, L.R. stated: "I don't know if he was getting ready or already did it. I was asleep." (R. 138.) L.R. did not testify that A.T.M. made any move to touch her, much less to touch any "intimate part." Although the DHR representative testified that L.R. told her that A.T.M. may have been unzipping or zipping up her pants when he was standing over her, this hearsay statement is merely speculative. L.R. did not testify that A.T.M. even touched her zipper. Thus, the trial court erred in denying A.T.M. a judgment of acquittal on the charge of attempted sexual abuse in the second degree of L.R.
A.T.M. contends also that, as to all the charges against him, the State failed to prove that he touched any of the victims with the intent to gratify his sexual desires. See § 13A-6-66(a)(3), § 13A-6-67(a)(2), and § 13A-6-60(3). "Whether [the accused's] touching is for the purpose of sexual gratification is a question for the jury and may be inferred from the act itself." Roughton v. State, 644 So.2d 1339, 1340 (Ala.Crim.App.1994); Adler v. State, 591 So.2d 133, 135 (Ala.Crim.App.), cert. denied, 591 So.2d 135 (Ala.1991). C.R. testified that, more than once, A.T.M. came into the bedroom where she was sleeping and touched her breasts, thighs and legs. Further, M.R. testified that, on more than one occasion, A.T.M. touched or rubbed her breasts. Consequently, the State presented sufficient evidence from which the jury could infer that A.T.M. touched intimate body parts of C.R. and M.R. to satisfy his sexual desire for girls under the age of 16.
For the reasons stated, we affirm the judgment of the Court of Criminal Appeals *175 insofar as it affirms A.T.M.'s two convictions for sexual abuse in the first degree of C.R. and of M.R. We reverse the judgment of the Court of Criminal Appeals insofar as it affirms A.T.M.'s convictions for sexual abuse in the second degree against Kamatra R. and attempted sexual abuse in the second degree against L.R., and we remand with instructions for the Court of Criminal Appeals to order that these two convictions be vacated.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, COOK, SEE, and ENGLAND, JJ., concur.
HOOPER, C.J., concurs in the result.
MADDOX, J., concurs in the affirmance and dissents from the reversal.
BROWN, J.,[*] recuses herself.

On Application for Rehearing
JOHNSTONE, Justice.
APPLICATION OVERRULED.
HOOPER, C.J., and HOUSTON, COOK, SEE, and ENGLAND, JJ., concur.
MADDOX, J., dissents.
BROWN, J., recuses herself.[*]
MADDOX, Justice (dissenting).
I respectfully dissent from the overruling of the State's application directed toward this Court's reversal of the Court of Criminal Appeals' judgment affirming A.T.M.'s convictions for sexual abuse in the second degree against Kamatra R. and attempted sexual abuse in the second degree against L.R. I would grant the State's application and affirm that portion of the Court of Criminal Appeals' judgment affirming A.T.M.'s convictions for sexual abuse in the second degree and attempted sexual abuse in the second degree.
NOTES
[*] Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.