I agree with the majority's conclusion that the Court of Criminal Appeals did not adequately address and resolve the issue Verzone presents. I also agree that the State's offered resolution of the issue is, likewise, unsatisfactory. However, I respectfully disagree with the majority's conclusion that "a fatal variance between Verzone's indictment and the proof presented at trial," 868 So.2d at 402-03, existed, resulting in a void conviction. Specifically, I maintain that Melanie Frazier was also a victim of the robbery. Thus, I reject the majority's conclusion that the State presented evidence indicating that a different crime from the one charged in the indictment was committed.
The majority properly notes that this Court stated in Ex parte A.T.M.,804 So.2d 171, 173 (Ala. 2000), that "`to be material, a variance as to the name alleged in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to the accused in making his defense, or to expose him to the danger of a second trial on the same charge'" (quoting Rupert v. State, 45 Ala. App. 84, 86,224 So.2d 921, 922 (1969)). The majority reasons that because robbery is a crime against the person and because Juliann Bradford was in actual physical possession of the money when it was taken, she — and not Frazier — was the only victim of the robbery and consequently the indictment is fatally defective. I disagree.
This Court stated in Ex parte A.T.M.:
 "'The State has the burden of proving that the person named in the indictment as being the victim of the offense was, in fact, the victim.' Sockwell v. State, 675 So.2d 4, 21 (Ala.Crim.App. 1993). `To be material, a variance as to the name alleged in the indictment from that proved by the evidence must be such as to be misleading or substantially injurious to the accused in making his defense, or to expose him to the danger of a second trial on the same charge.' Rupert v. State, 45 Ala. App. 84, 86, 224 So.2d 921, 922 (1969); Helms v. State, 40 Ala. App. 622, 624, 121 So.2d 104 (1960). `The purpose of the [fatal variance] rule is for identification and notice to defendant, and if those purposes are met no substantial injury to defendant results.' Vaughn v. State, 236 Ala. 442, [445,] 183 So. 428, 430 (1938). In House v. State, 380 So.2d 940, 942-43 (Ala. 1979), this Court adopted the fatal variance rule as *Page 404 
stated in 42 C.J.S. Indictments and Informations § 265 (1944):
 "'"Where it is necessary to state the name of a third person as a part of the description of the offense, the name must be correctly stated and a material variance is fatal. . . . The modern rule, however, is that it is a question of identity; and where the identity of the person named in the indictment with the one named in the evidence is established, or where the inaccuracy is not misleading or substantially injurious to accused, the variance is not fatal."' (Citations to Alabama cases omitted.)"
804 So.2d at 173 (emphasis added).
In Ex parte A.T.M., this Court held that because the victim, who testified at trial that she had been sexually abused by A.T.M., was not the victim named in the indictment, a fatal variance existed between the evidence produced at trial and the charge in the indictment. Clearly, the variance was substantially injurious to A.T.M.; he was defending at trial a charge different from the offense charged in the indictment.
Robbery is an offense against both the person and the property. Section 13A-8-41(a)(1), Ala. Code 1975, provides:
"(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 [robbery in the third degree] and he:
"(1) Is armed with a deadly weapon or dangerous instrument . . . ."
Section 13A-8-43 provides:
"(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present
with intent to overcome his physical resistance or physical power of resistance; or
"(2) Threatens the imminent use of force against the person of theowner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
(Emphasis added.) Thus, a victim in a robbery is either the owner of the property or any person present at the time force is used to facilitate the taking of the property.
The indictment charging Verzone states that Verzone
 "did in the course of committing a theft of property to-wit: lawful United States currency and/or checks, the property of Pilot Service Center, use or threaten the imminent use of force against the person of Melanie Frazier, with intent to compel acquiescence to the taking of or escaping with the property, while the said William Verzone or another participant was armed with a deadly weapon or dangerous instrument, to-wit: a gun, in violation of § 13A-8-41(a)(1) of the Code of Alabama, against the peace and dignity of the State of Alabama."
This indictment carefully tracks the language of §§ 13A-8-41(a)(1) and 13A-8-43(a)(2), Ala. Code 1975. As the object of the prepositional phrase within the phrase "the person of the owner" in § 13A-8-43(a)(2) the State substituted for "the owner" the name of the person who was in constructive possession of the property and was present at the time force was used — "Melanie Frazier."
The evidence established that Frazier was an employee of the business that owned the money and that she was entrusted with taking the money to the night depository at closing. Thus, Frazier had constructive possession of the money at the time Carl Bailey, Verzone's accomplice, approached Bradford. Frazier was present while Bailey took the money and fled. *Page 405 
If Frazier had not feared for her life and for Bradford's life, she would have taken steps to prevent the robbery. Thus, Frazier fits the definition of a "victim" of a robbery.
Verzone's argument, reduced to its essence, is that only one person can be the victim of a robbery. I disagree. As the California Court of Appeals has held:
 "`When two or more persons are in joint possession of a single item of personal property, the person attempting to unlawfully take such property must deal with all such individuals. All must be placed in fear or forced to unwillingly give up possession. To the extent that any threat may provoke resistance, and thus increase the possibility of actual physical injury, a threat accompanied by a taking of property from the victims' possession is even more likely to provoke resistance. We view the central element of the crime of robbery as the force or fear applied to the individual victim in order to deprive him of his property. Accordingly, . . . force or fear is applied to two victims in joint possession of property.'"
People v. Clay, 153 Cal.App.3d 433, 459, 200 Cal.Rptr. 269, 281 (1984) (quoting People v. Ramos, 30 Cal.3d 553, 589, 180 Cal.Rptr. 266, 286-87,639 P.2d 908, 928-29 (1982), rev'd on other grounds, 463 U.S. 992
(1983)). Indeed, the Court of Criminal Appeals followed the same rationale in Woods v. State, 316 So.2d 698 (Ala.Crim.App. 1975), when it held that both the pharmacist who had actual possession of the drugs and the salesclerk who had a gun pointed in her back were victims of the robbery.
In Hill v. State, 145 Ala. 58, 40 So. 654 (1906), this Court stated:
"Blackstone defines robbery to be `the felonious and forcible taking from the person of another goods or money to any value by violence or putting him in fear.' And all of the authors, while departing in some respects from the language used by Mr. Blackstone, contain in their definition the same ingredients, and none of which contemplates a taking from a bare possession, but provide that the taking should be from the person.
"A man might have the possession of a thing, yet it might not be upon his person, or under his direct personal control. Mr. Bishop, in his work on Criminal Law (volume 2, §§ 1177, 1178), in discussing what may be deemed the `person,' says: `Since robbery is an offense as well against the person as the property, the taking must be, in the language of the law, from the person. The meaning of this legal phrase is, not that thetaking must necessarily be from the actual contact of the body, but if itis from under the personal protection that will suffice. Within this doctrine, the person may be deemed to protect all things belonging to theindividual, within a distance not easily defined over which the influenceof the personal presence extends.'"
145 Ala. at 58, 40 So. at 654-55.
In Cobern v. State, 273 Ala. 547, 142 So.2d 869 (1962), this Court, discussing common-law robbery, stated:
"`The authorities are well-nigh uniform to the position that the violence or putting in fear which is an essential element of the crime of robbery must precede or be concomitant with the act by which the offender acquires the possession of the property. The offense is against both theperson and against the property. In so far as it is against the person, itconsists in personal violence or personal intimidation.'
". . . . *Page 406 
"'Where the property was in the control, custody, and protection of theperson from whom it is alleged to have been taken, it is not necessary tosustain a conviction of robbery, that it should have been in actualphysical contact with his person.'"
273 Ala. at 550-51, 142 So.2d at 870-71 (emphasis added).
Here, the facts present one robber taking from two victims. Bradford was in actual possession of the money; Frazier was in constructivew possession of the money. The money taken was under the personal protection of Frazier. Bradford and Frazier both were put in fear for their lives during the taking. Thus, both Frazier and Bradford were victims of the robbery, and the naming of either or both as victims in the indictment was appropriate.
Verzone was informed of the charge against him and was able to prepare his defense. Additionally, he was not exposed to the danger of a second trial on the same charge because there was only one taking of property. No fatal variance occurred in this case.