TAYLOR, Presiding Judge.
The appellant, Larry Allen Ennis, was convicted of discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Code of Alabama 1975. He received a 10-year sentence; that sentence was split and he was ordered to serve 1 year in the state penitentiary followed by 9 years of supervised probation.
The evidence tended to show that on the night of April 24, 1993, the appellant, a manager of a Burger King restaurant in Birmingham, Alabama, fired a .22 caliber pistol in the direction of the automobile of a customer in an attempt to prevent the customer from leaving the parking lot of the restaurant. The automobile was driven by Robert Findlay.
Findlay testified that he went inside the restaurant that night to return an incorrectly prepared cheeseburger that he had received at the “drive-thru” window. Findlay was angry, and the Burger King personnel gave him a new cheeseburger. Findlay testified that he “stiff-armed” the door as he left, but he said that he did not notice that he had broken it. Findlay got into his vehicle. His wife Christine, their three-year-old daughter, his sister-in-law, and her boyfriend were also in the ear. Findlay testified that as he began to drive away he saw the appellant emerge *144 from the restaurant and shoot a pistol toward the car. Findlay stated that he stopped the ear, returned to the parking lot, and called “911” on a nearby pay telephone. The appellant went back inside the restaurant, where he also called the police.
Officer Theodore Ludvik of the Birmingham Police Department testified that he responded to a criminal mischief complaint concerning a broken door at the restaurant. Ludvik talked with the appellant at Burger King. The appellant related the events of that night to the officer, and told him that Findlay had broken the door. The appellant wanted Findlay to pay for the door. Officer Ludvik testified that the appellant said that he had shot at Findlay’s car in order to detain him until the police arrived. There was a small bullet hole in the passenger side rear panel of the vehicle near the gas cap.
I
The appellant contends that the prosecution failed to prove a prima facie case of discharging a pistol into an occupied vehicle. Specifically, he asserts that there was not sufficient proof that Findlay’s ear was struck by a bullet fired from his pistol.
“In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985).”
Powe v. State, 597 So.2d 721, 724 (Ala.1991).
“The trial court’s denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala. Cr.App.1983); Thomas v. State.”
Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Cr.App.1993). Findlay and his wife both testified that the appellant shot at their ear. The appellant told Officer Ludvik that he fired at Findlay’s car. There was a hole in the rear passenger panel of the vehicle that was apparently caused by a bullet. Viewing this evidence in a light most favorable to the state, sufficient evidence was presented to prove a prima facie case against the appellant.
II
The appellant also contends that the trial court erred when it refused to suppress in-culpatory statements he made to the police the night of the incident. He asserts that because the officers suspected him of being involved in a crime, they should have given him warnings pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The appellant further asserts that the officers’ conduct went beyond general “on-the-seene questioning” and that it was designed to elicit an incriminating statement from him.
First, although the appellant was a suspect when he talked with Officer Trucks, Miranda warnings were not necessarily required.
“It is the compulsive aspect of custodial interrogation, and not the strength or content of the officer’s suspicions at the time the questioning was conducted, which led the [United States Supreme] Court to impose the Miranda requirements with regard to custodial questioning. Beckwith v. United States, 425 U.S. 341, 346-347, 96 S.Ct. 1612,1616, 48 L.Ed.2d 1 (1976). The Court has ‘explicitly recognized that Miranda warnings are not required “... because the questioned person is one whom the police suspect.” ’ California v. Behel *145 er, 463 U.S. [1121] at 1125, 103 S.Ct. [3517] at 3520, [77 L.Ed.2d 1275 (1983) ]”
Finch v. State, 518 So.2d 864, 867 (Ala.Cr.App.1987).
Officer Darrel Trucks of the Birmingham Police Department responded to Findlay’s “911” call. Officer Trucks testified that the appellant told him that he had fired at Find-lay’s car in order to detain him until the police arrived. Officer Trucks stated that the appellant showed him the small caliber pistol that he had used. After Officer Trucks inspected the vehicle and discovered a bullet hole in the back panel of the car, he arrested the appellant. Officer Trucks testified that he had no intention of arresting the appellant until after he saw the bullet hole in the vehicle.
Second, “[t]here is a distinction which must be made between general interrogation and custodial interrogation since Miranda is inapplicable when interrogation is merely investigative rather than accusative.” Hooks v. State, 534 So.2d 329, 347 (Ala.Cr.App. 1987), aff'd, 534 So.2d 371 (Ala.1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 883, 102 L.Edüd 1005 (1989). There was no evidence that the investigation had taken an accusative tone before the appellant made his statements. Moreover, in determining whether the officers’ on-the-seene questioning constituted a custodial interrogation, “[t]he only relevant inquiry is how a reasonable man in the suspect’s position would have understood his position.” Berkemer v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984).
“ ‘Pertinent factors to be considered include (1) the language used to summon the individual, (2) the extent to which the defendant is confronted with evidence of guilt, (3) the physical surroundings of the interrogation, (4) the duration of the detention, and (5) the degree of pressure applied to detain the individual. United States v. Crisco, 725 F.2d 1228, 1231 (9th Cir.), cert. denied, 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 832 (1984); [U.S. v.] Booth, 669 F.2d [1231] at 1235 [ (9th Cir.1981) ] United States v. Curtis, 568 F.2d 643, 646 (9th Cir. 1978).’ ”
Hooks, 534 So.2d at 348, quoting United States v. Wauneka, 770 F.2d 1434, 1438 (9th Cir.1985).
The record indicates that the appellant himself summoned the police. Officer Ludvik responded to the appellant’s complaint about a broken door while Officer Trucks responded to Findlay’s call about the gunfire. The appellant freely explained to the officers what had occurred because he wanted Findlay to pay for the broken door. The police did not confront the appellant with any evidence of his guilt before he made the incriminating statements, and both officers testified that the appellant expressed no reluctance to talk with them about the events of that night. The officers questioned other witnesses in the parking lot. The appellant was not detained, handcuffed, or intimidated. No threats or inducements were made. In addition, the appellant, on his own initiative, left the officers’ presence and went inside the restaurant to retrieve the gun. A reasonable person in the appellant’s position could not have understood himself to be under arrest at that time.
The evidence suggests that the police officers engaged in nothing more than routine, investigative questioning in response to two separate reports of criminal activity. The trial court did not err in denying the appellant’s motion to suppress his inculpatory statements.
For the foregoing reason, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.