On September 24, 1996, Tyrone Snell was convicted of possession of a controlled substance, cocaine, a violation of § 13A-12-212, Ala. Code 1975. He was sentenced, upon application of the Alabama Habitual Felony Offender Act, to 25 years' in the penitentiary. Snell raises two issues on appeal and the State raises a third issue in its brief to this court.
 I.
Snell argues that the trial court erred in denying hisBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), motion that alleged that the State used its peremptory strikes in a racially discriminatory manner. His Batson
challenge is based on the fact that the State struck five out of six blacks on the venire.
The trial court determined that Snell had made a prima facie case of discriminatory exercise of its strikes by the State. The *Page 922 
State was then required to give reasons for the strikes executed against the black veniremembers.
Once it has been determined that a prima facie case of discrimination has been established, the burden falls upon the proponent of the challenged strike to "articulat(e) a clear, specific, and legitimate reason for the challenge which relates to the particular case to be tried and which is nondiscriminatory." Ex parte Branch, 526 So.2d 609, 623 (Ala. 1987) (emphasis in original); and Millette v. O'Neal Steel,Inc., 613 So.2d 1225, 1229 (Ala. 1992).
The State explained that it struck veniremember S.F. because both his brother and cousin had been convicted of criminal offenses and because he stated that he would have difficulties sitting in judgment of other people. Veniremember A.A. was struck because he had previously been arrested for criminal trespassing and assault and because he indicated that a cousin of his was in prison for a drug offense. The State explained that it struck veniremember W.F. because he had been previously convicted of menacing, assault, and disorderly conduct and because a cousin of his had been convicted of a drug offense. The State struck G.C. because she had been charged with assault, her ex-husband had been convicted of possession of marijuana and escape, and her nephew had been convicted of conspiracy. Finally, the State explained that it struck veniremember R.B. because two of her cousins were in jail awaiting trial on capital murder charges.
All five potential jurors were struck because they or a relative of theirs had been charged with, prosecuted for, or convicted of a crime. This court has held that "strikes based on previous criminal charges, prosecutions, or convictions of the veniremember or a family member of the veniremember are not racially discriminatory as such." Thomas v. State,611 So.2d 416, 418 (Ala.Cr.App.), cert. denied, 611 So.2d 420 (Ala. 1992). Additionally, the State explained that it struck S.F. because he stated that he would have difficulties sitting in judgment of other people. Reluctance on the part of a potential juror to serve has also been accepted as a valid race-neutral explanation for striking a juror. Knight v. State,622 So.2d 426 (Ala.Cr.App. 1992).
The trial court did not err in determining that the explanations given by the State for its strikes against black veniremembers were race-neutral.
 II.
Snell argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State's evidence was insufficient to support his conviction for possession of cocaine. We find this argument to be without merit.
 "In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So.2d 726 (Ala.Cr.App. 1985)."
Powe v. State, 597 So.2d 721, 724 (Ala. 1991).
The State presented the testimony of two police officers, Officers Kenny Horn and Mark Nelms. Both officers testified that they received information from an informant who lived on Persimmon Street that a black male on a bicycle was selling cocaine on Stough Street, which was a few blocks away. The officers testified that their patrol car arrived on Stough Street shortly thereafter and that they saw Snell, the only person on Stough Street fitting the informant's description, riding a bicycle alongside another black male. The officers testified that Snell raced away on his bicycle when they attempted to stop him. As the officers chased Snell, they saw him reach into his pocket and throw several small white objects to the street. During the chase, Officer Horn stopped the patrol car *Page 923 
briefly so that Officer Nelms could get out and recover the objects Snell dropped. Officer Horn continued in pursuit of Snell and eventually apprehended him on McKay Street. The substance that Snell dropped onto the street field tested positive for the presence of cocaine. David Thorne, of the Alabama Department of Forensic Sciences, later testified that the substance recovered by the police officers was cocaine.
Snell took the stand in his own defense and denied that he had ever possessed the cocaine recovered by the officers.
Considering the evidence in a light most favorable to the State, we hold that there was sufficient evidence to support Snell's conviction for possession of cocaine. "Conflicting evidence is always a question for the jury to determine, and a verdict rendered thereon will not be disturbed on appeal."Ex parte Suggs, 403 So.2d 309, 313 (Ala.), cert. denied,403 So.2d 313 (Ala. 1981).
 III.
The State argues that this cause is due to be remanded for resentencing because the trial court failed to sentence Snell pursuant to the mandatory provisions of the Demand Reduction Assessment Act, § 13A-12-280 et seq., Ala. Code 1975. The State argues that because Snell was convicted of an offense enumerated in § 13A-12-281(a), this case should be remanded for the trial court to determine the amount of and impose the fine.
Section 13A-12-281, provides, in pertinent part:
 "(a) In addition to any disposition and fine authorized by Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215, or 13A-12-231, or any other statute indicating the dispositions that can be ordered for such a conviction or an adjudication of delinquency, every person convicted of, or adjudicated delinquent for, a violation of any offense defined in the sections set forth above, shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders."
The Alabama Supreme Court has held that the provisions of the Demand Reduction Assessment Act are mandatory. Pierson v.State, 677 So.2d 246 (Ala. 1995). Accordingly, the case is remanded to the Circuit Court of Houston County. That court is ordered to assess a penalty under the Demand Reduction Assessment Act. Due return should be filed in this court no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On April 3, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.