The appellant, Sheree Childress Frasier, was convicted of attempted unlawful distribution of a controlled substance, a violation of § 13A-2-203 and § 13A-12-211, Ala. Code 1975.[1] The trial court sentenced her to three years in prison, but suspended that sentence and placed her on probation for five years. It also applied the schoolyard and housing-project enhancements. See §§ 13A-12-250 and -270, Ala. Code 1975. This appeal followed.
 I.
The appellant argues that the trial court incorrectly denied her motion for a judgment of acquittal and her motion for a new trial, alleging that the State did not produce sufficient evidence to convict her of attempted unlawful distribution of a controlled substance. Specifically, she argues that the State did not establish her identity as the perpetrator or prove that she had the necessary intent to commit the offense. Section 13A-12-211, Ala. Code 1975, provides as follows: *Page 183 
 "A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in Schedules I through V."
Section 13A-12-203, Ala. Code 1975, provides as follows:
 "(a) A person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in Section 13A-4-2(a), and the crime attempted is a controlled substance crime."
Section 13A-4-2(a), Ala. Code 1975, provides that "[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
 "`"The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020
(Ala.Cr.App. 1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App. 1983)."'"
Burell v. State, 680 So.2d 975, 978 (Ala.Cr.App. 1996), quoting Ennis v. State, 671 So.2d 142, 144 (Ala.Cr.App. 1995), quoting in turn Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Cr.App. 1993). "`Conflicting evidence is always a question for the jury to determine, and a verdict rendered thereon will not be disturbed on appeal.'" Snell v. State, 715 So.2d 920, 923 (Ala.Cr.App. 1998) (citations omitted). "`The question of intent is hardly ever capable of direct proof. Such questions are normally questions for the jury.'" Oryang v. State, 642 So.2d 989, 994 (Ala.Cr.App. 1994) (citations omitted). In Bishop v. State, 690 So.2d 502, 507
(Ala.Cr.App. 1996), we held:
 "It is not the province of this court to reweigh the evidence. Walker v. State, 416 So.2d 1083
(Ala.Crim.App. 1982). As a rule this court will uphold the trial judge's decision judgment based on a jury verdict unless that decision was palpably contrary to the weight of the evidence and manifestly wrong. Raines v. State, 428 So.2d 206 (Ala.Crim.App. 1983); Watkins v. State, 565 So.2d 1227 (Ala.Crim.App. 1990)."
The State presented evidence that late in the afternoon on April 10, 1996, the appellant went to Charlie's Go-Go-Club. Lisa Parker, a waitress at Charlie's, testified that she gave the appellant $5 for one Lortab pill. Additionally, Charlene Gallant, the operator of Charlie's, testified, "I seen Lisa sit down at the table [with the appellant]. I saw their hands connect like something had been passed between them, you know, like a note or anything. At that time I didn't know what it was." (R. 41.) Furthermore, Gallant testified that Parker told her that the appellant had sold her a Lortab pill.
The appellant presented conflicting evidence about the price of the pill. While cross-examining Parker, the appellant elicited testimony that Parker was not positive she gave the appellant money for the pill. The appellant also presented evidence indicating that Gallant did not see what passed between Parker and the appellant. Finally, she presented evidence tending to show that the pill supposedly sold to Parker was never found.
The evidence presented by the State and the appellant was conflicting. Therefore, it created a question of fact for the jury. Moreover, questions of credibility are for the jury to resolve. Petway v. State, 690 So.2d 531 (Ala.Cr.App. 1996). Based on the evidence presented, the verdict was not manifestly unjust, and we will not overturn it on appeal. Thus, the trial court correctly denied the appellant's motions *Page 184 
for a judgment of acquittal and for a new trial.
The appellant also makes a confusing argument involving the uncorroborated testimony of an unindicted co-conspirator. However, she raises this issue for the first time on appeal. Therefore, it is not properly preserved for our review. Wasp v. State,647 So.2d 81 (Ala.Cr.App. 1994).
 II.
The appellant argues that the trial court improperly enhanced her sentence pursuant to §§ 13A-12-250 and -270, Ala. Code 1975. Specifically, she argues on appeal, as she did at sentencing, that the State did not prove that the attempted sale occurred within three miles of Minor Elementary School, Minor Senior High School, or the Brickyard Housing Project. Section 13A-12-250, Ala. Code 1975, provides as follows:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
Section 13A-12-270, Ala. Code 1975, provides as follows:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was within a three-mile radius of a public housing project owned by a housing authority."
"In Cavender v. State, 629 So.2d 721, 723 (Ala.Crim.App. 1993), this Court held that `the State need prove only that the sale occurred within three miles of a school "by a preponderance of the evidence."'" Lane v. State, 644 So.2d 1318, 1322 (Ala.Cr.App. 1994) (citations omitted).
During the sentencing hearing, the State asked that the appellant's sentence be enhanced pursuant to §§ 13A-12-250 and -270, Ala. Code 1975. At the hearing, the prosecutor testified as follows:
 "Charlie's Go-Go, where this occurred, the address is 501 Minor Parkway, which is in Birmingham. That's within three miles of Minor Elementary and [Minor] Senior High. Also, it's within three miles of the Brickyard, which is a housing project."
(R. 171-72.) The State presented no other evidence regarding the distance from the attempted sale to the location of the two schools or the housing project. Testimony by the prosecutor alone is not sufficient to permit the trial court to take judicial notice of the distance from the sale to a schoolyard or housing project. Hester v. State, 597 So.2d 1307 (Ala.Cr.App. 1992). Thus, the State did not prove that the attempted sale occurred within three miles of either school or within three miles of the housing project.
Accordingly, we remand this case with directions that the trial court hold a new sentencing hearing to determine whether the attempted sale occurred within three miles of Minor Elementary School, Minor Senior High School, or the Brickyard Housing Project. We remind the trial court that, if it finds that both the schoolyard and housing-project enhancements apply, the sentences imposed pursuant to each enhancement statute must be served consecutively. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a new sentencing order, a transcript of the proceedings, *Page 185 
and exhibits, if any, introduced at the hearing.
REMANDED WITH DIRECTIONS.
Long, P.J., and McMillan, Cobb, and Brown, JJ., concur.
[1] She was also convicted of unlawful possession of drug paraphernalia, a violation of § 13A-12-260, Ala. Code 1975. The trial court sentenced her to imprisonment for 12 months for her conviction for that offense. She does not appeal that conviction.