We granted certiorari to review the Court of Criminal Appeals' affirmance of Petitioner's conviction for robbery in the first degree and his sentence to life imprisonment without parole. James v. State, 468 So.2d 887 (Ala.Cr.App. 1984). The facts, as reported in that opinion, are as follows:
 "On April 4, 1983, at approximately 7:30 p.m., the appellant entered the Winn-Dixie Store in Troy and asked the assistant manager, Tony Alcuri, about a bad check from his grandmother. When Alcuri told the appellant he did not have any knowledge about a bad check, the appellant left the store. Around 8:55 p.m., the appellant returned to this Winn-Dixie Store and approached Alcuri. The appellant stated, `See that black guy over there at the register . . . well, he has got a gun and do as he says and not start no shit.' . . . The appellant stood around *Page 891 
for a minute and then left the store. The man that the appellant said had a gun stood in line at one of the cash registers and purchased a pack of gum. He looked around for a while and then walked out the door."
The issue presented for our review is whether the Court of Criminal Appeals erred in finding that "appellant's statement to Alcuri was an overt act toward the commission of this robbery and beyond the mere preparation for the crime at issue." We hold that the Court of Criminal Appeals erred in so finding; thus, we reverse and remand.
In addition to the criminal intent requisite, the offense of robbery in the first degree consists of two concomitant elements:
1) Theft (the taking of personal property of another from his person or in his presence);[1]
2) when the person committing theft is armed with a deadly weapon or dangerous instrument, or causes serious physical injury to another. Code 1975, § 13A-8-41.
At the very least, then, one may commit first degree robbery by threat of violence during an attempted theft — the theory here relied upon by the State. Stated otherwise, the State's prima facie case is made out upon a showing that Defendant committed an attempted theft concomitant with a threat of violence. Thus, the issue, precisely stated, is whether Defendant's statement is legally sufficient to constitute an attempted theft. That is to say, the focus of our inquiry is on the requisite element of theft rather than on the charge ofrobbery.[2]
A theft is committed when a person knowingly obtains or exerts unauthorized control of the property of another, with intent to deprive the owner of his property. § 13A-8-2. An attempt is committed if an offender does an overt act toward the commission of the charged offense (or, as here, the requisite theft). To establish the element of attempted theft, the State must show that the Defendant did or offered some overt act toward the furtherance of a theft — knowingly obtaining or exerting unauthorized control of the property of another. The evidence must furnish an inference from which the jury could find beyond a reasonable doubt that Defendant, or his companion, did or offered some overt act in furtherance of a completed taking or carrying away of the personal property of another, which would satisfy the element of asportation required to establish a prima facie case of robbery.
We hold that Defendant's statement, made under the instant circumstances, is not reasonably susceptible of an inference that Defendant or his companion committed an attempted theft. From the evidence recited in the opinion of the Court of Criminal Appeals, it appears that no property was touched, that the defendant did not attempt to touch any, and that defendant did not ask for, or even remotely allude to, any property. While the evidence is sufficient to establish the element of threat, it is insufficient to establish that Defendant's words or actions were directed toward obtaining or exerting unauthorized control of any property.[3]
Absent the element of attempted theft, the State's prima facie burden to prove the charge of robbery was not met; thus, the Defendant's motion to exclude the evidence should have been granted.
REVERSED AND REMANDED.
FAULKNER, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX and SHORES, JJ., concur in the result.
[1] At common law, attempted theft was a lesser included offense of the charge of theft. Since the advent of the criminal code, however, proof of attempted theft sustains the conviction of theft. See Commentary to § 13A-8-40; Grace v. State,431 So.2d 1331, 1333 (Ala.Cr.App. 1982).
[2] Defendant concedes that the remaining element of robbery (the threat of violence) is supplied by his statement.
[3] This is not to say, of course, that the evidence is insufficient to establish crimes other than robbery. See, e.g., § 13A-6-23 (menacing) and § 13A-11-8 (harassment). *Page 892