The appellant, Dennis Wilson Finley, Jr., appeals from his guilty plea conviction for theft of property in the first degree, contending that his prosecution was barred by the three-year statute of limitations in § 15-3-1, Ala. Code 1975.
The record reflects that on September 11, 1990, an indictment was returned charging the appellant with theft of property in the first degree, a violation of § 13A-8-3, Ala. Code 1975. The theft that served as the basis of the indictment allegedly occurred in May 1990. On December 10, 1990, upon the appellant's agreement with the state to pay court costs and to pay restitution to the victim in the amount of $6,000, the trial court granted the state's motion to nol-pros the charge against the appellant.
On February 4, 1994, after the appellant had allegedly failed to pay either the court costs or the restitution, the appellant was reindicted for the original offense of theft of property in the first degree. The appellant filed a motion to quash the new indictment on the ground that the statute of limitations on the charged offense had expired. The trial court denied the motion to quash the indictment. Thereafter, the appellant pleaded guilty to the offense of first degree theft of property as charged in the indictment, reserving his right to appeal the issue of the trial court's ruling on his motion to quash the indictment. *Page 8 
Section 15-3-6, Ala. Code 1975, provides, in pertinent part: "When an indictment is . . . quashed . . . for any . . . cause . . ., the time elapsing between the preferring of the first charge or indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged." As noted above, the alleged theft of property occurred in May 1990. The statute of limitations for the offense of theft of property in the first degree is three years. See § 13A-8-3 and § 15-3-1, Ala. Code 1975. Under §15-3-6, the statute of limitations was tolled during those periods that an indictment for the offense in question was pending against the appellant. Beverly v. State, 497 So.2d 513,517 (Ala.Cr.App. 1985), aff'd in part and rev'd in part on other grounds, 497 So.2d 519 (Ala. 1986); see Langham v. State,662 So.2d 1210 (Ala.Cr.App. 1994); Pinkard v. State,415 So.2d 1220 (Ala.Cr.App. 1982).
The first indictment was returned against the appellant on September 11, 1990, and was nol-prossed on December 10, 1990. The appellant was not reindicted until February 4, 1994. Therefore, even if the period of time between the alleged offense and the return of the first indictment is not counted, it is apparent that over three years had elapsed between the nol-prossing of the first indictment and the reindictment of the appellant. Thus, the statute of limitations on the offense had expired.
Despite this fact, the trial court held that because the appellant had procured the nol-prossing of the original indictment by entering an agreement with the state pursuant to which he was to pay court costs and to pay restitution to the victim and because he had subsequently reneged, the appellant was "estopped" from asserting the statute of limitations as a bar to his reindictment. In so ruling, the trial court relied on this court's decision in Williams v. State, 494 So.2d 819,823 (Ala.Cr.App. 1986), wherein this court stated that "there is authority that permits the reinstatement of an indictment which has been nolle prossed, at any time, under special circumstances." The trial court reasoned that this case presented "special circumstances" allowing the state to reindict the appellant even though the statute of limitations had run.
We find the trial court's reliance on Williams to be misplaced in this case. While Williams does hold that in certain circumstances, such as where a defendant has breached the terms of a plea agreement procured in exchange for the nol-prossing of charges in an indictment during one term of the court, it may be permissible to seek reinstatement of these charges at a subsequent term of court, the question of whether those charges may be reinstated after the statute of limitations has expired was not before the court in Williams or in any of the cases cited as authority for the holding inWilliams. Therefore, Williams is not controlling authority in this case.
Neither do we agree with the trial court that the appellant was estopped from asserting the statute of limitations as a bar to reindictment. Nothing in the terms of the agreement between the appellant and the state indicates that the appellant, by entering into the agreement, knowingly waived his right to the protection of the statute of limitations. Compare State v.Barrett, 215 Ga. App. 401, 451 S.E.2d 82 (1994). The agreement placed no time limit on the appellant's performance of his promise. In any event, if the state believed that the appellant was not fulfilling his part of the agreement, there was nothing to prevent the state from moving to reindict the appellant before the statute of limitations had expired, thereby tolling the statute.
While this court takes no pleasure in seeing the appellant benefit through his dereliction, we nonetheless must conclude that the prosecution of the appellant was barred by the three-year statute of limitations. Accordingly, the appellant's conviction is due to be reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
All Judges concur. *Page 9