Tommy Ray Sheffield appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his July 1992 guilty-plea conviction for first-degree theft and his resulting sentence as an habitual felony offender to life imprisonment. No direct appeal was taken from this conviction.
On December 12, 2005, Sheffield filed the instant Rule 32 petition. He alleged in his petition that the trial court was without jurisdiction to render judgment or to impose sentence because, he said, (1) his conviction was "not based upon an information or an indictment and was time-barred . . . because the statute of limitation had [expired]"; (2) "the indictment was multiplicitous"; and (3) "the guilty plea on one count acted as an acquittal on the other counts." Without requiring an answer from the State, the trial court denied Sheffield's petition on February 24, 2006. This appeal followed.
On appeal, Sheffield reasserts the claims presented in his petition to the trial court.
 I.
[¶ 1] Sheffield first contends that the trial court was without jurisdiction to render judgment or to impose sentence because, he said, his conviction was "not based upon an information or an indictment" and, further that he could not be convicted of first-degree theft because the statutory limitations period for that offense had expired.
The record indicates that in June 1988, an Etowah County grand jury returned a three-count indictment against Sheffield. Count one charged him with third-degree burglary, count two charged him with first-degree theft, and count three charged him with first-degree receiving and/or concealing *Page 694 
stolen property. All three offenses arose out of the same course of conduct against Gregory Dale Lumpkin.
On December 1, 1988, pursuant to a negotiated plea agreement, Sheffield pleaded guilty to third-degree burglary and was sentenced, pursuant to the Habitual Felony Offender Act, to 20 years' imprisonment. Before accepting Sheffield's guilty plea, the court went over the terms of the plea agreement with Sheffield.[1] Pursuant to the plea agreement, the receiving-stolen-property charge was dismissed; however, the theft charge was withdrawn and filed, with the understanding that that charge would be reinstated if Sheffield "got into trouble" at any point during his imprisonment and parole for the burglary conviction. The court further advised Sheffield that because he already had more than three prior felony convictions, the minimum sentence for his theft conviction would be life imprisonment. Sheffield indicated that he understood the terms of his plea agreement. The trial court accepted Sheffield's guilty plea and sentenced him accordingly.
Sheffield served a portion of his 20-year sentence and was paroled. In 1992, while on parole, Sheffield was charged with possession of a controlled substance, thereby triggering the reinstatement of the 1988 charge for first-degree theft. On July 8, 1992, Sheffield pleaded guilty to first-degree theft and was sentenced to life imprisonment, with that sentence to run concurrently with the 20-year sentence imposed in 1988. (C. 36-49.) As a part of his plea agreement, Sheffield waived his right to appeal his theft conviction.
[¶ 2] Sheffield's claim that his conviction and sentence were not based upon an information or an indictment is without merit. Indeed, our examination of the record indicates that his conviction and sentence were based upon the June 1988 indictment. Likewise, Sheffield's claim that his conviction and sentence were time-barred because more than three years had passed after the matter was withdrawn and filed is without merit. As this Court has previously stated:
 "Section 15-8-71, Code of Alabama 1975 states:
 "`In all criminal cases in the circuit court in which a capias or warrant of arrest has issued for two terms and has been returned "not found," the district attorney may, by leave of the court, withdraw and file the indictment, with leave to reinstate the same when the ends of justice require such reinstatement. In all cases where a defendant is confined in one of the Alabama state hospitals under the provisions of sections 15-16-21 and 15-16-22, the district attorney may, by leave of the court, withdraw and file the indictment, with leave to reinstate the same when the ends of justice require such reinstatement.'
 "We do not find that this statute limits the circumstances in which an indictment can be reinstated. There is nothing in the statute which indicates to this court that the reinstatement of an indictment is allowed only in the two situations set out above.
 "Historically, an indictment which has been dismissed or nolle prossed can be reinstated within the same term of court due to the court's inherent power to vacate and set aside their orders of judgment within the same term of court. United States v. Rossi 39 F.2d 432 (9th Cir.1930); State v. Lonon, 331 Mo. 591, *Page 695 56 S.W.2d 378 (1932); People v. Watson, 394 Ill. 177, 68 N.E.2d 265 (1946).
 "The reinstatement of an indictment, which has been unconditionally nolle pressed during one term of court, is generally precluded at a subsequent term of court. State v. Veterans of Foreign Wars Post 1856, 223 Iowa 1146, 274 N.W. 916 (1937); State v. Montgomery, 276 S.W.2d 166
(Mo. 1955). See generally 112 A.L.R. 383, 21 Am.Jur.2d, Criminal Law, § 513; 41 Am.Jur.2d, Indictments and Informations, § 36.
 "However, there is authority that permits the reinstatement of an indictment which has been nolle prossed, at any time, under special circumstances. See 41 Am.Jur.2d, Indictments and Informations, § 36. One of those special circumstances is in a situation similar to the one at bar. [United States v.] Barker, [681 F.2d 589 (9th Cir.1982)], (reinstatement of dismissed indictment for first degree murder approved after defendant withdrew her plea of guilty to second degree murder); Hawk [v. Berkemer], [610 F.2d 445 (6th Cir.1979)] (charges dismissed pursuant to a plea agreement could be reinstated when defendant's guilty plea to another charge was reversed on appeal); United States v. Wells, 430 F.2d 225 (9th Cir.1970) (if defendant successfully withdraws guilty plea, there is nothing to prevent the government from reviving the counts that were dismissed as a result of the guilty plea); United States v. Gerard, 491 F.2d 1300 (9th Cir.1974) (in dicta, court stated that, if a defendant succeeds in withdrawing guilty plea, he should not be able to object to the prosecutor's reviving other charges dismissed as a result of his guilty plea); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (in footnote 2, the Supreme Court said that, if the defendant is allowed to withdraw his guilty plea, he would then plead anew to the original charges); Blackburn v. State, 290 S.E.2d 22 (W.Va. 1982) (if defendant chooses to disregard plea agreement, the State should be allowed to reinstate any charges dismissed pursuant to the plea agreement); State v. Burkett, 231 Kan. 686, 648 P.2d 716 (1982) (when defendant is allowed to withdraw from plea bargain agreement, the State may reassert the original felony charge); People v. Keenan, 185 Colo. 317, 524 P.2d 604 (1974) (when guilty plea is vacated on appeal, charges dropped as a result of plea bargaining could be reinstated); Clark [v. State], [294 Ala. 485, 318 So.2d 805 (1974)]. But see Allman v. State, 677 P.2d 832 (Wyo. 1984) (further prosecution on an indictment which has been dismissed is a nullity and reinstatement of the indictment was not permitted); Niece v. State, 456 N.E.2d 1081 (Ind.App. 2 Dist.1983) (after defendant's guilty plea was vacated, trial court improperly reinstated count of indictment which had been dismissed pursuant to a plea agreement).
 "The courts that have approved the reinstatement of dismissed charges after the vacation of a guilty plea seem to imply that this is a valid remedy due to the conditional nature of dismissed charges resulting from a guilty plea. When charges are dismissed as a part of a plea bargain agreement, the dismissal of the charges is conditioned upon the defendant being convicted and remaining convicted of the offense to which he pled guilty. [United States v.] Anderson, [514 F.2d 583 (7th Cir.1975)]. When the State dismisses a charge pursuant to a plea agreement, it does so relying on the fact that the defendant will plead guilty to the remaining charge or charges and that his conviction will stand. *Page 696 
 "Since the defendant is allowed to withdraw from his part of the bargain in a guilty plea agreement, should not the State be afforded the same right? It is hardly surprising that, when a defendant is successful in withdrawing his guilty plea, the State would seek to withdraw its consent to the dismissal of charges as a result of the guilty plea. United States ex rel. Williams v. McMann, Warden, 436 F.2d 103 (2nd Cir.1970).
 "In Sweetwine v. State, 42 Md.App. 1, 398 A.2d 1262 (1979), Judge Moylan stated that `[i]n the context of a negotiated plea of guilty, the whole package of reciprocal arrangements and obligations is conditional. The condition is the continuing good health of the guilty plea. If it is voided, both the defendant and the State return to "square one." They both begin again with a clean slate. The invalidation of the "contract" invalidates all obligations under that contract by either contracting party.' Sweetwine, supra, 398 A.2d at 1265 (footnotes omitted).
 "Thus, it seems that, when the defendant withdraws his guilty plea or it is vacated for some other reason, then the State is free to pursue the charges which were dismissed as a result of the plea agreement. Myers v. Frazier, 319 S.E.2d 782
(W.Va. 1984)."
Williams v. State, 494 So.2d 819, 822-24
(Ala.Crim.App. 1986) (footnotes omitted).
Here, Sheffield failed to comply with the terms of his 1988 plea agreement on the burglary charge. Thus, pursuant to his plea agreement, the theft charge was properly reinstated. We note that this case does not involve a situation where the defendant was indicted or reindicted after the charges against him were nol-prossed and the statute of limitations had expired. Compare Ex parte Campbell, 784 So.2d 323, 325-27
(Ala. 2000); Finley v. State, 683 So.2d 7, 8
(Ala.Crim.App. 1996). Instead, the plea agreement called for the first-degree-theft charge to be "withdrawn and filed," indicating that the indictment returned in June 1988 — and which was returned before the statute of limitations had expired — remained pending. See Skinner v. State,843 So.2d 820, 822-24 (Ala.Crim.App. 2002) (recognizing the distinction between a charge that is "withdrawn and filed" and one that is nolprossed). Because Sheffield's prosecution was commenced in June 1988, within the three-year limitation period provided in § 15-3-1, Ala. Code 1975, it was not time-barred. As a result, the trial court properly allowed the State to reinstate the theft charge against Sheffield.
 II.
[¶ 3] Sheffield next contends that the trial court was without jurisdiction to render judgment or to impose sentence because, he said, the indictment was multiplicitous. Specifically, Sheffield contends that counts two and three of the indictment charging him with first-degree theft and first-degree receiving stolen property arose out of the same act as count one, the third-degree burglary charge. Therefore, he argues, because all three offenses arose out of the same transaction his conviction for first-degree theft violated the constitutional prohibition against double jeopardy.
[¶ 4, 5] Contrary to Sheffield's claim, because the burglary and theft offenses each required proof of an element not present in the other offense, there was no double-jeopardy violation in convicting Sheffield for third-degree burglary and first-degree theft arising out of the same course of conduct.[2] See Ex parte Dixon, *Page 697 804 So.2d 1075, 1078-79 (Ala. 2000); Ex parte McKelvey,630 So.2d 56, 57 (Ala. 1992). However, as the Supreme Court noted: "where a defendant is charged with both burglary and theft . . . arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment." Ex parteMcKelvey, 630 So.2d at 57 (citing Vason v. State,574 So.2d 860, 863 (Ala.Crim.App. 1990), and numerous other cases recognizing this proposition); see also Brown v.State, 821 So.2d 219, 225 (Ala.Crim.App. 2000) (noting that a defendant may be sentenced for burglary and theft convictions arising out of the same transaction if the sentences are ordered to run concurrently, rather than consecutively). Thus, the trial court could not sentence Sheffield to life imprisonment for the first-degree theft charge. Instead, the court was limited to the same 20-year sentence imposed for the burglary conviction.[3]
Accordingly, this case must be remanded for the trial court to set aside the sentence imposed in 1992 and to resentence Sheffield in accordance with this opinion.
 III.
[¶ 6] Sheffield also contends that the trial court was without jurisdiction to render judgment or to impose sentence because, he claims, his guilty plea as to the burglary charge acted as an acquittal on the two remaining counts. This claim is without merit. Based on the express terms of his 1988 plea agreement, in exchange for Sheffield's pleading guilty to the burglary charge, the first-degree-receiving-stolen-property charge would be dismissed, and the first-degree-theft charge was "withdrawn and filed" with leave to reinstate it. Thus, Sheffield's conviction for burglary did not operate as an acquittal of the remaining charges against him. Moreover, Sheffield's reliance on the Alabama Supreme Court's decision inBell v. State, 48 Ala. 684 (1872), is misplaced. The Supreme Court's decision in Bell stands merely for the proposition that when an indictment contains alternative counts charging the defendant with the same offense, the conviction under one count necessarily serves as an acquittal of the remaining alternative counts. Each of the counts in Sheffield's indictment charged him with a separate offense. Moreover, as previously discussed, none of the charges ran afoul of the prohibition against double jeopardy. Accordingly, Sheffield's conviction for third-degree burglary did not serve as an acquittal on the theft and receiving-stolen-property charges.
For the reasons set forth in Part II of this opinion, this case is remanded to the trial court with instructions that it resentence Sheffield in accordance with the Alabama Supreme Court's holding in Ex parte McKelvey, 630 So.2d 56
(Ala. 1992), and this Court's holding in Brown v.State, 821 So.2d 219 (Ala.Crim.App. 2000). On remand the court shall take all necessary action to see that the circuit court makes *Page 698 
due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] A transcript of the 1988 plea colloquy is contained in the record on appeal.
[2] Because the first-degree receiving stolen property charge against Sheffield was not reinstated, this portion of Sheffield's argument is moot. We note, however, that the prohibition against double jeopardy is not violated when a defendant is convicted of theft of property and disposing of that same property. See Stoinski v. State,956 So.2d 1174 (Ala.Crim.App. 2006); Smith v. State,739 So.2d 545 (Ala.Crim.App. 1999).
[3] Sheffield claimed that the trial court ordered the life sentence for his theft conviction to run consecutively with the 20-year sentence imposed for third-degree burglary. This claim is without merit, as the court ordered Sheffield's life sentence to run concurrently with the 20-year sentence imposed in 1988. However, we note that based on Brown v. State, supra, the court could not order that the sentence run consecutively to the sentence imposed for his 1988 burglary conviction.
* Note from the reporter of decisions: On December 1, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.